ANNE SWEENEY, as Administratrix, etc., of DENNIS WILLIAM SWEENEY, Deceased, Respondent, *v.* THOMPSON STARRETT COMPANY, Defendant, Impleaded with JAMES J. CONROY & SON, INC., Appellant.

First Department, February 7, 1936.

*Walter G. Evans* of counsel [*John P. Smith*, attorney], for the appellant.

*Joseph F. Hanley* of counsel [*Louis A. Garbarini* with him on the brief; *Joseph T. Higgins*, attorney], for the respondent.

PER CURIAM. Although the appellant's employees may have been aware of the decedent's presence on the roof of the northerly hoist, they were not required to anticipate that without warning to

them he would place himself in the shaft of the southerly hoist which, according to the uncontradicted proof, was known to him to be in constant operation. The accident was not caused by any negligence on the part of the appellant's employees but by the negligence of plaintiff's intestate.

The judgment and order should be reversed, with costs, and the complaint dismissed, with costs.

Present — MARTIN, P. J., O'MALLEY, UNTERMYER, DORE and COHN, JJ.; DORE, J., dissents and votes for affirmance.

DORE, J. (dissenting). This is an appeal from a judgment after a second trial in an action for death resulting from claimed negligence. The first trial resulted in a disagreement of the jury in respect to the defendant James J. Conroy & Son, Inc., the appellant here, and the complaint was dismissed as to the Thompson Starrett Company, the general contractor. On the second trial the jury rendered a verdict against the appellant James J. Conroy & Son, Inc., for $12,500, on which the judgment appealed from was entered.

In a death case the contributory negligence of the person killed is a defense to be pleaded and proved by the defendant, and the burden of establishing such contributory negligence by a preponderance of the credible testimony to the satisfaction of the jury is on the defendant. (Civ. Prac. Act, § 265.) Whether, at the time of the accident, the employees of the subcontractor, James J. Conroy & Son, Inc., were exercising reasonable care commensurate with all the surrounding circumstances and whether the defendant sustained the burden of establishing contributory negligence by deceased were questions of fact for the determination of the jury. Here there is no warrant for a conclusion that the jury reached their verdict by passion, partiality or prejudice or contrary to the rules of law as charged, nor is the record barren of evidence which would permit reasonable men to reach the conclusion made by the jury. In addition to other testimony in the record, there was testimony which the jury was entitled to accept, if it believed it to be credible, that the deceased was on the south hoist for a period of four or five minutes; that he went from the front or easterly side of the north hoist to the front or easterly side of the south hoist, and that was the side that was in plain view of the defendant's employees. It was undisputed that the shaft was open and the view unobstructed. In so passing from the north to the south hoist and in standing, as the jury could have found, four or five minutes on the south hoist, the top of which was only five feet six inches from the ground, decedent Sweeney was clearly visible to the defendant's employees,

who admitted they saw Cleary, who was assisting decedent, on the north hoist. The proof was not uncontradicted that the south hoist was known to the decedent to be in constant operation. To the contrary, there was testimony that during the whole time after the decedent and his fellow-employees had come down with the tool box and stood on the hoist, a period of about six minutes, the north hoist was not operated at all. If there were uncontradicted testimony that the act of stepping over from the north to the south hoist and the act of pulling the bell cord were concurrent, or almost concurrent, or if the tops of the two hoists were not so close together, or if there was no testimony from which the jury could infer that the defendant's employees plainly saw, or in the exercise of ordinary care should have seen, the decedent working on the south hoist, it might be that there would be no issue of fact on the question of contributory negligence. But the jury had a right to accept the testimony of the plaintiff's witnesses, and one who is in plain sight of another has the right to assume that this other person, seeing him, will act carefully, will not forget his presence before acting, and will not expect to be given notice or warning so to act.

The controlling issues were adequately and correctly presented to the jury in a charge containing no material or prejudicial error, nor was there error in the reception or exclusion of evidence. Especially after a second trial of this character, and after a fair trial under a proper charge, I consider that the verdict of the jury should not be disturbed, and I, accordingly, dissent and vote for affirmance, with costs.

Judgment and order reversed, with costs, and the complaint dismissed, with costs.